Valdet BARDIC, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 05–5455–ag.

United States Court of Appeals,
Second Circuit.

March 16, 2007.

Sam Gjoni, New York, NY, for Petitioner.

Sally R. Johnson, First Assistant United States Attorney, for Joe W. Stecher, United States Attorney, District of Nebraska Omaha, NE, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Valdet Bardic, a native and citizen of the former Federal Republic of Yugoslavia, seeks review of a September 15, 2005 order of the BIA affirming the February 1, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel denying in absentia his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Valdet Bardic*, No. A 79 666 376 (B.I.A. Sept. 15, 2005), *aff'g* No. A 79 666 376 (Immig. Ct. N.Y. City Feb. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although Bardic is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, we review this case under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir.2006).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's denial of a motion to reopen, including motions to reopen challenging orders of removal entered in absentia for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the agency's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34 (internal quotation marks omitted); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ Here, the IJ did not abuse his discretion in denying Bardic's motion to reopen. Bardic's contention that his failure to appear in immigration court was due to the fact that he did not receive notice of the hearing date is unavailing. Even assuming that his former counsel did not receive written notice of the hearing, it is undisputed that counsel attempted to contact Bardic by telephone to inform him of his hearing date, and appeared in immigration court on his behalf as scheduled. Because counsel was clearly apprised of the January 5, 2005 hearing date, the IJ's determination that Bardic received proper notice of his hearing was not an abuse of discretion. *See* 8 U.S.C. § 1229a (b)(5)(A) (providing that an alien may be ordered removed in absentia if he or she fails to

appear at a scheduled hearing and the Service provides clear, unequivocal, and convincing evidence that the alien is removable and received written notice of the hearing); *see also Song Jin Wu v. INS*, 436 F.3d 157, 162 (2d Cir.2006) (noting that mailing notice to the applicant's counsel of record satisfies the notice requirement).

█ Further, although Bardic contends that his prior counsel's failure to inform him of his hearing date constituted ineffective assistance of counsel, he has forfeited this claim by failing to exhaust it at the administrative level. *See Garcia–Martinez v. DHS*, 448 F.3d 511, 513 (2d Cir. 2006) (emphasizing that the BIA should consider ineffective assistance of counsel claims in the first instance "in order to avoid any premature interference with the agency's processes"). Therefore, we dismiss this part of the petition for review.

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.