**Alexander PRONIN and Olga Brawer, Petitioners,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–3865–ag.

United States Court of Appeals, Second Circuit.

May 18, 2007.

H. Raymond Fasano, Esq., Madeo & Fasano, New York, NY, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Emily M. Smachetti, Laura Thomas Rivero, Assistant United States Attorneys, Miami, FL, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioners Alexander Pronin and Olga Brawer, natives and citizens of Russia, seek review of a July 20, 2006, order of the BIA denying their motion to reopen their removal proceedings and reissue the BIA's June 2004 decision denying their asylum claim. *In re Pronin,* No. A 78 725 323 (B.I.A. July 20, 2006); *In re Brawer,* No. A 78 725 324 (B.I.A. July 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, the BIA properly construed petitioners' "motion to reissue decision" as a motion to reopen based on ineffective assistance of counsel because their motion alleged that former counsel Kaplan had misadvised them regarding the merit of their case and they argue that the BIA should reopen the proceedings and review the merits of their claims. *See Matter of Coelho,* 20 I. & N. Dec. 464, 471 (B.I.A.1992) (construing a motion to remand as a motion to reopen based on its nature and substance). To the extent the motion seeks a *sua sponte* issuance of the BIA's prior decision, this Court does not have jurisdiction to review the BIA's denial of a motion to reissue its decision *sua sponte. See* 8 C.F.R. § 1003.2(a); *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A petitioner claiming ineffective assistance must (1) submit an affidavit setting forth the agreement with former counsel and what action was to be taken in his case; (2) prove he notified former counsel of the charges and gave counsel an opportunity to respond; and (3) file a complaint regarding the conduct with the appropriate disciplinary committee, or explain why such a complaint has not been filed. *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (B.I.A.1988) *See also Garcia–Martinez v. Dep't of Homeland Sec.,* 448 F.3d 511, 513 (2d Cir.2006). The ninety-day

filing deadline, which generally applies to a motion to reopen, is subject to equitable tolling if the petitioner shows that he exercised due diligence in the filing of his motion after discovery of the ineffective assistance. *Jin Bo Zhao v. INS*, 452 F.3d 154, 156–57 (2d Cir.2006); *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000).

■ Here, the BIA did not abuse its discretion in denying the motion to reopen because petitioners failed to demonstrate that they exercised due diligence in pursuing their claim against Kaplan. The claim against Kaplan appears to be predicated on the ground that, prior to the expiration of the original filing deadline, Kaplan advised petitioners that their case was not meritorious and erroneously informed them that their only recourse was to file a *Lozada* claim against original counsel Geduldig. However, petitioners never specified the date that they first met with Kaplan, or the date that they discovered Kaplan's ineffectiveness, or explained why nearly two years elapsed until they filed their motion to reopen.

■ Even assuming that petitioners have demonstrated due diligence so as to toll the filing period, their motion to reopen did not comply with the *Lozada* requirements. There is no record of an agreement with Kaplan, no evidence that Kaplan had been informed of the allegations against him, or any record of a complaint filed with the appropriate disciplinary committee regarding Kaplan's alleged ineffectiveness. For the foregoing reasons, the petition for review is DENIED.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).