**DE NONG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

Nos. 06–3068–ag (L), 06–3963–ag (con), 06–5472–ag (con).

United States Court of Appeals, Second Circuit.

Sept. 17, 2007.

Vlad Kuzmin, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Erica B. Miles, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, District of Columbia, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner De Nong Chen, a native and citizen of China, seeks review of the following orders of the BIA: (1) the June 2, 2006 order affirming the February 17, 2005 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re De Nong Chen*, No. A98 580 908 (B.I.A. June 2, 2006), *aff'g* No. A98 580 908 (Immig.Ct.N.Y.City, Feb. 17, 2005); (2) the July 28, 2006 order denying his motion to reconsider that order, *In re De Nong Chen*, No. A98 580 908 (B.I.A. July 28, 2006); and (3) the October 31, 2006 order denying his motion to reconsider the order denying reconsideration, *In re De Nong Chen*, No. A98 580 908 (B.I.A. Oct. 31, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Chen's brief to this Court failed to raise any arguments challenging the BIA's June 2006 order denying his claims for asylum, withholding of removal, and CAT relief, and because addressing these arguments does not appear to be necessary to avoid manifest injustice, we deem the argument aban-

doned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Regarding the BIA's orders denying Chen's motions, we review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

■ Although styled as a motion to reconsider, Chen's July 2006 motion raised only arguments pertaining to his former counsel's ineffective assistance before the IJ and the BIA. Accordingly, the BIA appropriately construed the motion as both a motion to reconsider and a motion to reopen. *See Jie Chen v. Gonzales,* 436 F.3d 76, 78–79 & n. 5 (2d Cir.2006) (per curiam); *see also Yi Long Yang v. Gonzales,* 478 F.3d 133, 142 (2d Cir.2007) ("We generally require that ineffective assistance claims be presented in the first instance to the BIA, either through a motion to reopen or on direct appeal"). Because Chen failed to allege any "errors of fact or law" in the BIA's June 2006 merits decision, the BIA's denial of the motion to reconsider was not an abuse of discretion. 8 C.F.R. § 1003.2(b)(1).

■ Nor did the BIA abuse its discretion by denying Chen's motion to reopen, which alleged that he suffered from the ineffective assistance of counsel. To prevail on such a claim, the alien must first comply with certain procedures set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). Here, the BIA properly noted that besides filing a supporting affidavit,

Chen made no effort to comply with the requirements enumerated in *Lozada.* Chen not only failed to notify his former counsel of the allegations of ineffective assistance and to allow him an opportunity to respond, he also failed to file a complaint with a disciplinary authority or provide an explanation for not doing so. *See Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005) (citing *Lozada,* 19 I. & N. Dec. at 639).

By failing to substantially comply with *Lozada,* Chen "forfeit[ed][his] ineffective assistance of counsel claim." *Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 47 (2d Cir.2005). While it is true that "slavish adherence" to *Lozada's* requirements is not necessary in certain circumstances, and while the BIA acknowledged in its June 2006 decision that the brief written by Chen's former counsel was deficient, this is not a case in which the facts supporting a "claim of ineffective assistance are clear on the face of the record," which may excuse the failure to comply with *Lozada. Yi Long Yang,* 478 F.3d at 142–43. The facts here are distinct from the circumstances presented in *Yi Long Yang,* in that Chen's former counsel was not disbarred, nor was there evidence that the agency explicitly assumed his competence. *See id.* at 142.

Furthermore, Chen's argument that he did not have adequate time to comply with *Lozada* before filing his first motion is unavailing. It is well-settled that a motion to reopen is the appropriate vehicle for a claim of ineffective assistance and that such a motions has a 90–day filing deadline. *See* 8 C.F.R. § 1003.2(c)(1); *Yi Long Yang,* 478 F.3d at 142. Chen's second motion included proof of belated attempts at *Lozada* compliance and was mailed precisely 90 days after the BIA's June 2006 decision on the merits.

In light of the foregoing, to the extent that Chen's first motion was construed as a motion to reopen based on ineffective assistance of counsel, the BIA did not abuse its discretion by denying the motion for failure to comply substantially with *Lozada.* Moreover, because Chen failed to meet the threshold requirements of *Lozada,* we need not consider the merits of his ineffective assistance of counsel claim. *See Garcia–Martinez v. Dep't of Homeland Sec.,* 448 F.3d 511, 514 & n. 2 (2d Cir. 2006).

Regarding Chen's September 2006 motion (which was also styled as a motion to reconsider): because it was his second motion to reconsider and because it was filed more than 30 days after the date of the BIA's last order, the BIA's October 2006 denial of the motion based on time and numerical limitations was not an abuse of discretion. 8 C.F.R. § 1003.2(b)(2). Moreover, because Chen failed to allege any "errors of fact or law" in the BIA's July 2006 denial of his first motion, the BIA's denial of the second motion on the merits was also not an abuse of discretion. 8 C.F.R. § 1003.2(b)(1).

For the foregoing reasons, the petitions for review are DENIED.