**BAO ZHEN LIN, also known as Ogino Kazuko, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–3510–ag.

United States Court of Appeals, Second Circuit.

April 22, 2008.

Meer M.M. Rahman, New York, New York, for Petitioner.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Daniel Glenn Lonergan, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Bao Zhen Lin, a native and citizen of the People's Republic of China, seeks review of the July 18, 2007 order of the BIA affirming the October 23, 2006 decision of Immigration Judge ("IJ") Michael W. Straus denying her motion to reopen. *In re Bao Zhen Lin,* No. A77 994 632 (B.I.A. Jul. 18, 2007), *aff'g* No. A77 994 632 (Immig. Ct. Hartford Oct. 23, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

■ The agency did not abuse its discretion in finding that Lin's motion to reopen was untimely and that she did not qualify for equitable tolling of the 90–day filing deadline. *See* 8 C.F.R. § 1003.2(c)(2). A party seeking equitable tolling on the basis of ineffective assistance of counsel must demonstrate that she exercised "due diligence" in vindicating her rights. *See Jin Bo Zhao v. INS,* 452 F.3d 154, 156–57 (2d Cir.2006); *see also Cekic v. INS,* 435 F.3d 167, 171 (2d Cir.2006). As the BIA noted, Lin provided little information about what efforts she took to keep track of her case at any point after the IJ's April 2004 decision accepting the withdrawal of her asylum application and granting her voluntary departure. Accordingly, the BIA's conclusion that Lin failed to exercise due diligence was not "arbitrary or capricious," *Kaur,* 413 F.3d at 233–34, and therefore was not an abuse of discretion.[2] *See also Cekic,* 435 F.3d at 170.

■ Moreover, the agency did not abuse its discretion in finding that Lin failed to show that her motion to reopen qualified for an exception to the 90–day filing deadline based on "changed circumstances" in China. 8 C.F.R. § 1003.2(c)(3)(ii). The IJ and BIA properly found that Lin's conversion to Christianity did not constitute changed circumstances in China. *Cf. Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003). In addition, the BIA properly noted that while Lin submitted evidence of

**2.** As the BIA properly declined to toll the 90–day filing deadline because Lin failed to demonstrate that she exercised due diligence, *Cekic,* 435 F.3d at 170, it is unnecessary to examine the agency's alternative finding that she failed to establish that her former attorney's allegedly defective performance prejudiced the outcome of her case. *Cf. Garcia–Martinez v. Dep't of Homeland Sec.,* 448 F.3d 511, 514 n. 2 (2d Cir.2006).

China's poor treatment of Christians, she failed to establish that the situation for Christians in China has worsened since her April 2004 hearing. Much like her motion to reopen, Lin's brief to this Court identifies no specific information in the voluminous amount of country conditions evidence she submitted that would support her assertions. As such, the agency's finding was not an abuse of discretion. *See Kaur*, 413 F.3d at 233–34.

Regarding Lin's claim that the IJ violated her right to due process of law (by failing to advise her of the consequences of withdrawing her applications for relief with prejudice and of the requirements of voluntary departure), we find no abuse of discretion in the agency's conclusion that Lin's discussion with her attorney rendered harmless any possible error on the IJ's part. Ultimately, Lin points to no evidence that she failed to "receive a full and fair hearing which provide[d] a meaningful opportunity to be heard." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006) (citations omitted).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).