Constantino GARCIA–MARTINEZ, Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, Executive Office for Immigration Review, Respondents.

Docket No. 04–5017–AG.

United States Court of Appeals, Second Circuit.

Argued: May 10, 2006.

Decided: May 11, 2006.

Jack Sachs, New York, NY, for Petitioner.

David N. Williams, Assistant United States Attorney (David C. Iglesias, United States Attorney, on the brief), United States Attorney's Office for the District of New Mexico, Albuquerque, NM, for Respondents.

Before: WINTER, CABRANES, and RAGGI, Circuit Judges.

PER CURIAM:

Petitioner Constantino Garcia–Martinez, a native and citizen of Mexico, seeks review of an August 26, 2004 order of the Board of Immigration Appeals ("BIA") affirming the June 23, 2003 decision of Immigration Judge ("IJ") Miriam K. Mills, which denied petitioner's request for cancellation of removal, and rejecting petitioner's claim of ineffective assistance of counsel on the ground that petitioner had failed to comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), *petition for review denied,* 857 F.2d 10 (1st Cir.1988).[1] The underlying facts and procedural history are a matter of record and we recount

---

**1.** Under *Lozada,* an applicant who claims ineffective assistance of counsel must submit (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the applicant notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the applicant has filed a complaint regarding counsel's conduct with the appropriate disciplinary authorities and, if a complaint has not been filed, an explanation for not doing so. *Lozada,* 19 I. & N. Dec. at 639.

here only those aspects that are pertinent to the disposition of this case.

■ On direct appeal to the BIA, petitioner submitted an affidavit, along with a brief prepared by newly retained counsel, stating his dissatisfaction with the quality of representation he had received before the IJ and recounting that he had been told by a member of his original attorney's staff that he was "not permitted, under the law, to change attorneys" before the conclusion of proceedings before the IJ. The BIA dismissed the appeal, holding that petitioner "ha[d] not complied with any of the [*Lozada*] requirements," and that he had failed to demonstrate either prejudice resulting from the alleged ineffective assistance or eligibility for relief on the merits. *In re Garcia–Martinez,* File No. A 78 547 658 (BIA Aug. 26, 2004). In his petition for review, petitioner claims that he "attempted substantial compliance with *Lozada*" and that this Court should "revisit" whether *Lozada* applies equally "in the context of a direct appeal of a decision of the IJ on the merits, not involving a motion to reopen." Pet'r's Br. at 2, 6.

Based on our assessment of the parties' submissions, the applicable case law, and the record on appeal, we conclude that petitioner's claims are without merit. In the affidavit and brief he submitted to the BIA, petitioner, who was duly represented by new counsel on appeal, failed to comply with any of the *Lozada* requirements, and the explanation he now offers for that failure—namely, that he believed he was precluded from filing a disciplinary complaint against his original attorney because he had earlier signed a statement indicating his "satisf[action] with the services provided"—was never presented to the BIA. *Cf. Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993) (noting that the petitioner "did not file a complaint with any disciplinary committee, but provided a reasonable ex-

planation [for not doing so] *in his affidavit*" submitted to the BIA) (emphasis added). Nor does petitioner's explanation here address in any way his failure to comply with the remaining *Lozada* requirements, which are likewise essential to establishing a full administrative record before the BIA. *See Lozada,* 19 I. & N. Dec. at 639 (emphasizing that "[w]here essential information is lacking, it is impossible to evaluate the substance of such claim" and that "the potential for abuse is apparent where no mechanism exists for allowing former counsel, whose integrity or competence is being impugned, to present his version of events if he so chooses, thereby discouraging baseless allegations"); *see also Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005) (stating that "[w]e have upheld the application of [the *Lozada*] requirements to screen ineffective assistance claims where appropriate" because "these requirements serve to deter meritless claims and to provide a basis for determining whether counsel's assistance was in fact ineffective").

■ We have recognized before that "the BIA should consider ineffectiveness claims in the first instance in order to avoid any premature interference with the agency's processes," and that "review on the merits [before this Court] may be conditioned on substantial compliance with the reasonable requirements set forth in *Lozada*." *Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 46 (2d Cir.2005) (collecting cases) (internal quotation marks omitted). Accordingly, an applicant such as petitioner "who has failed to comply substantially with the *Lozada* requirements ... forfeits [his] ineffective assistance of counsel claim in this Court." *Id.* at 47; *see also Hamid v. Ashcroft,* 336 F.3d 465, 469 (6th Cir.2003) (holding that the petitioner's "failure to comply [with the *Lozada* requirements] results in a forfei-

ture of his ineffective-assistance-of-counsel claim"); *Arango–Aradondo v. INS,* 13 F.3d 610, 614 (2d Cir.1994) ("[T]he exhaustion requirement that applies in immigration proceedings . . . requires the petitioner to raise his [ineffective assistance] claim in the first instance with the BIA, since it involves procedural errors correctable by the administrative tribunal.") (internal quotation marks and citation omitted).

Petitioner maintains that the *Lozada* requirements should be applied less strictly when the BIA evaluates an ineffective assistance of counsel claim on the direct appeal of an IJ's decision, rather than on a motion to reopen filed before the IJ or the BIA, arguing that *Lozada* and its progeny primarily "deal[ ] with removal/deportation orders issued *in absentia,* based on failure of the alien to appear at the hearing, and the reasons for such failure." Pet'r's Br. at 3–4. Petitioner, however, fails to present any case law in support of his limited reading of *Lozada,* and we decline to adopt any such distinction here, inasmuch as the central principles animating *Lozada* and our decision in *Jian Yun Zheng*—namely, that "essential information" should be presented to the BIA so that it can "evaluate the substance" of an ineffectiveness claim in the first instance, *see Lozada,* 19 I. & N. Dec. at 639, and that a reviewing court should "avoid any premature interference with the agency's processes," *Jian Yun Zheng,* 409 F.3d at 46 (internal quotation marks omitted)—are equally applicable in the context of a direct appeal. *See Hamid,* 336 F.3d at 469 (requiring adherence to *Lozada* on a direct appeal to the BIA of an

IJ's removal order because "[s]ound policy reasons support compliance with the *Lozada* requirements," inasmuch as they "facilitate a more thorough evaluation by the BIA and discourage baseless allegations") (internal quotation marks and alteration omitted); *Arango–Aradondo,* 13 F.3d at 614 ("[C]laims regarding the omission of evidence resulting from allegedly ineffective assistance of counsel must first be presented to the BIA, *either on direct appeal* or through a motion to reopen.") (emphasis added).

Because petitioner was obligated "to comply substantially with the *Lozada* requirements" and because he has failed to do so, he has "forfeit[ed] [his] ineffective assistance of counsel claim in this Court." *Jian Yun Zheng,* 409 F.3d at 47. Accordingly, we lack jurisdiction to review his claim. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . .").[2]

\*    \*    \*    \*    \*    \*

We have considered all of petitioner's arguments on appeal and find each of them to be without merit. Accordingly, the petition for review is hereby DISMISSED.

---

**2.** Because petitioner failed to comply with the *Lozada* requirements, we need not, and do not, address the BIA's conclusion that petitioner failed to demonstrate prejudice resulting from the alleged ineffective assistance of counsel. Nor need we address the merits of the IJ's determination that petitioner failed to demonstrate "exceptional and extremely un-

usual hardship" warranting the discretionary relief of cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D)—a finding that we lack jurisdiction to review absent a "constitutional claim[ ] or question[ ] of law," neither of which has been presented here. *See De La Vega v. Gonzales,* 436 F.3d 141, 145–46 (2d Cir.2006).