Artur PEPANYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General USA Service, Respondent.

No. 06–0054–ag.

United States Court of Appeals, Second Circuit.

Oct. 20, 2006.

356

Reynold E. Finnegan, Finnegan & Diba, Los Angeles, CA, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Sheldon N. Light, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Artur Pepanyan, a native of the former Soviet Union and citizen of Armenia, seeks review of a December 12, 2005 order of the BIA denying his motion to reopen removal proceedings. *In re Artur Pepanyan*, No. A97 976 051 (B.I.A. Dec. 12, 2005). Previously, the BIA had summarily dismissed Pepanyan's appeal of the January 21, 2005 decision of Immigration Judge ("IJ") Jeffrey Chase denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Artur Pepanyan*, No. A97 976 051 (B.I.A. Sept. 19, 2005), *aff'g* No. A97 976 051 (Immig. Ct. N.Y. City Jan. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the

Board has acted in an arbitrary or capricious manner." *Id.*

 The BIA did not abuse its discretion in denying Pepanyan's motion to reopen based on ineffective assistance of counsel when he failed to meet the procedural requirements for such a motion, set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). *See Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 46–47 (2d Cir.2005). Pepanyan did not present the BIA with an affidavit explaining the nature of his agreement with former counsel, nor did he indicate in his motion that former counsel had been retained to file an appellate brief on his behalf. However, he did present the BIA with a letter from former counsel, alleging that her failure to file a brief was due not to any negligence on her part, but rather to Pepanyan's failure to keep his appointments, pay his fees, or keep her informed of his intentions or whereabouts. Pepanyan did not dispute these claims before the BIA, nor did he present any evidence that he had filed a complaint against former counsel. Given this incomplete record, the BIA did not abuse its discretion in declining to find ineffective assistance of counsel and reopen Pepanyan's case. Moreover, to the extent that Pepanyan argues to this Court that his former counsel's inaction violated certain provisions of the Florida State Bar's Rule of Professional Conduct, such arguments should have been presented through a complaint to that bar and submitted to the BIA; we lack jurisdiction to consider these unexhausted arguments now. *See Garcia–Martinez v. Dep't of Homeland Security,* 448 F.3d 511, 513 (2d Cir.2006); *Jian Yun Zheng,* 409 F.3d at 47.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.