**Ali Abdel Rida BADEREDDINE,**
**Petitioner,**

v.

**Michael CHERTOFF, Secretary of the United States Department of Homeland Security, Alberto R. Gonzales, United States Department of Justice, United States Immigration and Customs Enforcement, Immigration and Customs Enforcement Field Office Director for Detention and Removal, J. Easterling, Warden of the Elizabeth Detention Center, Respondents.**

No. 06–1881–ag.

United States Court of Appeals,
Second Circuit.

Nov. 17, 2006.

Sandro S. Paterno, Bayonne, New Jersey, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Charles E. Roberts, Assistant United States Attorney, Syracuse, New York, for Respondents.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Ali Abdel Ride Badereddine, a native and citizen of Lebanon, seeks review of a March 9, 2006 order of the BIA denying his third motion to reopen his removal proceedings. *In re Ali Abdel Rida Badereddine,* A29 845 878 (B.I.A. Mar. 9, 2006). The BIA denied Badereddine's second motion to reopen on March 26, 2004, and affirmed Immigration Judge

("IJ") Gabriel Videla's August 13, 2002 denial of Badereddine's first motion to reopen on September 30, 2003, after Badereddine failed to appeal the IJ's August 21, 2001 decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ali Abdel Rida Badereddine,* No. A29 845 878 (Immig. Ct. N.Y. City Aug. 21, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (citations omitted).

 The BIA did not abuse its discretion in denying Badereddine's motion as both time and numerically barred, when it was his third motion to reopen, and was filed over four years after the IJ's removal order became final, and none of the regulatory exceptions applied. *See* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed within 90 days of the final administrative decision), (c)(3) (providing exceptions). For this reason, and also because Badereddine failed to proffer evidence that he had satisfied the prerequisites of having an immigrant visa approved, the BIA was not required to address further his prospective eligibility for adjustment of status. Furthermore, although Badereddine also challenges the BIA's denial of his first two motions, his petition for review was timely only as to the last motion and therefore only that decision is subject to review. An appeal from the denial of a motion to

**58**

reopen does not provide a mechanism for an alien to argue issues or decisions that he failed to appeal previously. *Ke Zhen Zhao,* 265 F.3d at 89. Moreover, to the extent that he now argues he was entitled to reopening because each of his three former attorneys provided ineffective assistance, he never presented evidence of compliance with *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988) to the BIA, never claimed to the BIA that his second or third attorney provided ineffective assistance, and explicitly declined to make an ineffective assistance claim against his first attorney before the BIA. We lack jurisdiction to consider this belated claim because neither the facts nor arguments relevant to an ineffective assistance claim against any of these attorneys were properly presented to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Garcia–Martinez v. DHS,* 448 F.3d 511, 513 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED, and the pending motions for release or to lift the stay in this petition are DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).