**SUN CHUN JIANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2174–ag.**

United States Court of Appeals,
Second Circuit.

Dec. 6, 2006.

Karen Jaffe, New York, NY, for Petitioner.

Matthew G. Witaker, United States Attorney for the District of Iowa, Gary L. Hayward, Assistant United States Attorney, Des Moines, IA, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Sun Chun Jiang, a native and citizen of the People's Republic of China, seeks review of an April 9, 2004 order of the BIA denying his motion to reopen his removal proceedings. *In re Sun Chun Jiang,* No. 77 297 848 (B.I.A. April 9, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Because Jiang filed his motion over one year after the BIA denied his appeal, his motion was untimely. *See* 8 C.F.R. § 1003.2(c)(2). Jiang neither alleged changed circumstances in China giving rise to a claim for asylum or withholding, *see id.* at § 1003.2(c)(3)(ii), nor satisfied the requirements for filing an untimely motion to reopen based on ineffective assistance of counsel, *see Garcia–Martinez v. DHS,* 448 F.3d 511, 513 (2d Cir.2006); *Iavorski v. INS,* 232 F.3d 124, 129, 134 (2d Cir.2000). Because Jiang satisfied no exceptions to the ninety-day deadline for motions to reopen, the BIA did not abuse its discretion in denying his motion as untimely. *See Kaur,* 413 F.3d at 233. To the extent that Jiang requested the BIA to exercise its *sua sponte* authority to reopen his proceedings, this Court lacks jurisdiction to review that decision by the BIA because such a decision is "entirely discretionary." *Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Jiang's pending motion for a stay of removal in this petition is DENIED as moot.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.