**CHUN GUANG DONG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, and Board of Immigration Appeals, Respondents.**

No. 06–4049–ag.

United States Court of Appeals, Second Circuit.

Aug. 24, 2007.

Henry Zhang, New York, New York, for Petitioner.

Matthew H. Mead, United States Attorney, District of Wyoming, Nicholas Vassallo, Assistant United States Attorney, Cheyenne, Wyoming, for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Chun Guang Dong, a native and citizen of China, seeks review of the August 15, 2006 order of the BIA denying his motion to reopen. *In re Chun Guang Dong,* No. A77 297 590 (B.I.A. Aug. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Dong did not petition for review of the BIA's August 2002 decision denying his claims on the merits, we must limit our review to the August 2006 decision denying his motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001) (noting that where the alien files a timely petition from the denial of a motion, but not from the underlying affirmance of the removal order, this Court may review only the denial of the motion).

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

The BIA did not abuse its discretion in finding that Dong's motion was untimely

and did not qualify for equitable tolling of the 90–day statute of limitations applied to motions to reopen. *See* 8 C.F.R. § 1003.2(c)(2) (motions to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered"); *Cekic v. INS*, 435 F.3d 167, 170–72 (2d Cir.2006) (discussing equitable tolling as applied to the filing deadline governing motions to reopen). As the BIA noted, Dong's motion to reopen offered no explanation as to why it was filed three years outside of the 90–day deadline, and did not argue that the deadline should be equitably tolled. Similarly, Dong's brief to this Court also fails to explain the motion's late-filing, and raises no arguments challenging the BIA's findings regarding the untimeliness of the motion. Without any explanation for the untimely filing or any indication as to how he exercised due diligence in pursuing his claims, Dong cannot show that he was entitled to equitable tolling of the filing deadline. *See Cekic*, 435 F.3d at 170. Accordingly, the BIA's conclusion that there was no basis for tolling the 90–day deadline was not an abuse of discretion. *See Kaur*, 413 F.3d at 233–34. Because Dong's motion was untimely and did not qualify for equitable tolling, it is unnecessary to consider whether the motion substantially complied with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), as well as the merits of his ineffective assistance of counsel claims. *Cf. Garcia–Martinez v. Dep't of Homeland Sec.*, 448 F.3d 511, 514 n. 2 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).