**Juan Jose Rubio BENAVIDES,**
Petitioner,

v.

**Peter D. KEISLER, Acting Attorney General of the United States,[1]**
Respondent.

No. 06–0386–ag.

United States Court of Appeals,
Second Circuit.

Sept. 24, 2007.

Jorge Guttlein, New York, NY, for Petitioner.

Scott Dunn, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, on the brief; Dione Enea, Special Assistant United States Attorney, of counsel), Brooklyn, NY, for Respondent.

PRESENT: THOMAS J. MESKILL, ROGER J. MINER, and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Juan Jose Rubio Benavides, a citizen of El Salvador, seeks review of a BIA order denying his motion to reopen his removal proceedings, on the basis of alleged ineffective assistance of counsel, as untimely. *In re Juan Jose Rubio Benavides,* No. A91 544 387 (B.I.A. Jan. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the BIA's denial of a motion to reopen for an abuse of discretion. *See Chen v. Atty' Gen.,* 502 F.3d 73 (2d Cir.2007). "The BIA abuses its discretion if its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Zheng v. Gonzales,* 500 F.3d 143 (2d Cir.2007) (internal quotation marks omitted).

We conclude that the BIA did not abuse its discretion in denying Benavides's motion as untimely. Motions to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered." *See* 8 C.F.R. § 1003.2(c)(2). Although Benavides filed his motion over one year after the final order was issued in his case, his submission to the BIA did not offer any explanation for the untimeliness of his filing. Nor did Benavides argue that the 90-day deadline should be equitably tolled. *See Cekic*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

*v. INS,* 435 F.3d 167, 170–72 (2d Cir.2006) (discussing equitable tolling as applied to the filing deadline governing motions to reopen). Benavides's brief to this Court contends that equitable tolling is appropriate because Benavides "did not know of the gravity of the errors committed by his prior counsel until he consulted with another attorney." This claim does not, however, bear up in light of statements made by Benavides in his March 24, 2003 *pro se* appeal to the BIA. Because Benavides's motion was untimely and does not qualify for equitable tolling, we need not consider (1) whether his motion substantially complied with the requirements set out by the BIA, *see Esposito v. INS,* 987 F.2d 108, 110–111 (2d Cir.1993) (per curiam) (discussing these evidentiary requirements); or (2) the merits of his ineffective assistance of counsel claims, *cf. Garcia–Martinez v. Dep't of Homeland Sec.,* 448 F.3d 511, 514 (2d Cir.2006) (observing that inquiry into an alien's compliance with the BIA's evidentiary requirements is a necessary precursor to consideration of his ineffective assistance claims).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Benavides's pending motion for a stay of removal is DISMISSED as moot.