**Lioudmila RODIONOVA, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY and Executive Office for Immigration Review, Respondents.**

No. 05–2081–ag.

United States Court of Appeals, Second Circuit.

Feb. 19, 2008.

Darryl L. Winn, New York, NY, for Petitioner.

John F. Wood, U.S. Attorney for the Western District of Missouri; Joel F. May, Assistant U.S. Attorney, Kansas City, MO, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

*SUMMARY ORDER*

Petitioner Lioudmila Rodionova, a citizen of Russia, seeks review of a March 29, 2005 order of the BIA denying her motion to reopen. *In re Lioudmila Rodionova,* No. A 70 648 179 (B.I.A. Mar. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.

2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

The BIA did not abuse its discretion in finding that Rodionova's motion exceeded the numerical limitations for motions to reopen because it was her second such motion, and that it was untimely, given that it was filed almost four years after the BIA denied her appeal. *See* 8 C.F.R. § 1003.2(c)(2) (a party "may file only one motion to reopen" and such motion "must be filed no later than 90 days after the date on which the final administrative decision was rendered"). Further, the BIA did not abuse its discretion by concluding that Rodionova did not qualify for equitable tolling of the 90–day statute of limitations on the basis of her ineffective assistance of counsel claim. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006) (providing that the ninety-day deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating her rights).

Rodionova failed to demonstrate that she exercised due diligence by filing her motion to reopen based on ineffective assistance of counsel in February 2005. *See Id.* at 171. Indeed, Rodionova had retained new counsel at least as of June 2002, almost three years before she filed her motion. Contrary to Rodionova's argument in her brief to this Court, the fact that she was preparing her first motion to reopen, in which she requested that the BIA reopen her removal proceedings *sua*

*sponte* to allow her to adjust her status, does not demonstrate the exercise of due diligence regarding her ineffective assistance of counsel claim. *Id.*

Accordingly, the BIA's conclusion that there was no basis for tolling the 90–day deadline was not an abuse of discretion. *See Kaur,* 413 F.3d at 233–34. Because Rodionova's motion was untimely and did not qualify for equitable tolling, it is unnecessary for us to consider the merits of her ineffective assistance of counsel claim. *Cf. Garcia–Martinez v. Dep't of Homeland Sec.,* 448 F.3d 511, 514 n. 2 (2d Cir.2006).

Further, although Rodionova argues that the BIA erred by failing to reopen her case *sua sponte,* we do not have jurisdiction to review a decision of the BIA not to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a), *see Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.