**YUE JIE GAO, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 03–41036–ag.**

United States Court of Appeals, Second Circuit.

March 14, 2008.

Theodore N. Cox, New York, New York, for Petitioner.

Catherine L. Hanaway, United States Attorney, Eastern District of Missouri; Stephen S. Davis, Assistant United States Attorney, St. Louis, Missouri, for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DE-CREED that the petition for review is DENIED.

Petitioner Yue Jie Gao, a native and citizen of the People's Republic of China, seeks review of a November 5, 2003 decision of the BIA denying her appeal. *In re Yue Jie Gao,* No. A 79 302 029 (B.I.A. Nov. 5, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The record supports the BIA's denial of Gao's appeal. As a preliminary matter, Gao claims that the BIA erred by adjudicating her ineffective assistance of counsel claim, rather than remanding it to the IJ. That argument is unavailing. Gao asserts that in reviewing her ineffective assistance claim, the BIA conducted impermissible factfinding, in violation of 8 C.F.R. § 1003.1(d)(3)(iv), and engaged in improper *de novo* review, in violation of 8 C.F.R. § 1003.1(d)(3)(i). But it follows from the fact that Gao raised her ineffective assistance claim to the BIA in the first instance that the IJ had not previously made findings of fact regarding that claim. Accordingly, the BIA did not violate the regulatory prohibition against "engag[ing] in de novo review of findings of fact determined by an immigration judge." 8 C.F.R. § 1003.1(d)(3)(i). Further, when the BIA denied Gao's ineffective assistance claim as a matter law—on the basis of her failure to comply with *Matter of Lozada,* 19 I. & N. Dec. 637 (B.I.A.1988)—the BIA did not engage in impermissible factfinding. *See* 8 C.F.R. § 1003.1(d)(3)(iv). Accordingly, Gao's claim that the BIA erred by adjudicating her ineffective assistance of counsel claim, instead of remanding it to the IJ, is without merit. *See Garcia–Martinez v. Dep't of Homeland Sec.,* 448 F.3d 511 (2d

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Cir.2006) (reviewing the BIA's adjudication of an alien's ineffective assistance of counsel claim, which was raised on direct appeal to the BIA).

We further reject Gao's claim that the BIA erred in finding that she failed to comply with the requirements of *Matter of Lozada*. It is undisputed that when Gao failed her appeal, she did not submit evidence that she filed a complaint with the appropriate disciplinary authority. *See Matter of Lozada*, 19 I. & N. Dec. at 639. Because Gao failed to "comply substantially" with the *Lozada* requirements in her appeal to the BIA, she forfeited her ineffective assistance claim in this Court. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir.2005) (holding that failure to comply with the *Lozada* requirements before the BIA results in forfeiture of the claim before this Court).

Because the BIA properly denied Gao's appeal based on her failure to satisfy the *Lozada* requirements, we need not reach the issue of whether she demonstrated prejudice resulting from the alleged ineffective counsel.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).