Wang v. Holder

BIA
Vomacka, IJ
A200 912 682

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand thirteen.

PRESENT:
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

ZE WANG,
*Petitioner,*

v.                                          12-381
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:     Lewis G. Hu, New York, NY.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ze Wang, a native and citizen of the People's Republic of China, seeks review of a January 5, 2012, decision of the BIA affirming the February 11, 2011, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ze Wang*, No. A200 912 682 (B.I.A. Jan. 5, 2012), *aff'g* No. A200 912 682 (Immig. Ct. N.Y. City Feb. 11, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, considering only those grounds for the adverse credibility determination that were affirmed by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Initially, to the extent that Wang raises a claim of ineffective assistance of counsel, because the claim was not raised before the BIA, it is unexhausted and we lack jurisdiction to consider it. *See Garcia-Martinez v. Dep't of Homeland Sec.*, 448 F.3d 511, 513-14 (2d Cir. 2006). Accordingly, we address only Wang's challenges to the adverse credibility determination.

For asylum applications, like Wang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. We conclude that the agency reasonably based its adverse credibility determination on inconsistencies in the evidence and Wang's demeanor.

3

Because the REAL ID Act permits the agency to base a credibility finding on any inconsistency, the inconsistencies regarding Wang's detention support the agency's adverse credibility determination. *See id*. at 166, 167. In the statement in support of his asylum application, Wang indicated that the police interrogated him, beat him, and tortured him with an "electrical charged rod," all on the first day of detention, and did not indicate that he was further interrogated or beaten during the remainder of his ten-day detention. As the agency noted, Wang's testimony differed from that statement, in that he testified that he was questioned repeatedly and beaten "every one or two days." Additionally, the letter Wang submitted from a friend lacked any allegation that the friend was beaten during detention or any reference to Wang's beating. Moreover, both here and before the BIA, Wang states only that the discrepancies are minor, and provides no explanation for the differences in the statements. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The adverse credibility determination is further supported by the IJ's finding, which we afford particular deference, that Wang's demeanor was evasive and that he

4

tended to be misleading in his answers to certain questions. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).

Furthermore, while testifying, Wang indicated that he was not honest when he applied for his student visa, in that he submitted documentation showing that he had sufficient funds to pay for school in the United States, when he did not. Wang attempted to explain the dishonesty by stating that an agency prepared the application for him, and he "wanted to provide the truth" but the agency told him he could not. Because the IJ confirmed that at the time Wang submitted the false documentation, he was not fleeing persecution in China, the agency reasonably found that his misrepresentation undermined his overall credibility. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir. 2007). *Cf. Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133-35 (2d Cir. 2006).

The agency's adverse credibility finding was further supported by Wang's failure to provide reasonably available corroborative evidence regarding his alleged detention in China. Because the IJ had already called Wang's credibility into question, the agency did not err in relying on the lack of corroboration as further support for the adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given the inconsistencies, prior misrepresentation, demeanor finding, and lack of corroboration, we conclude that the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Wang's life or freedom depended upon his credibility, the adverse credibility finding necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk