Moustain v. Holder

BIA
Hom, IJ
A097 535 718

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

NAOUFAL ALAOUI MOUSTAIN,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

13-50
NAC

_____

FOR PETITIONER: Lawrence Spivak, Jamaica, NY.

FOR RESPONDENT: Stuart F. Delery, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; David H. Wetmore, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Petitioner Naoufal Alaoui Moustain, a native and citizen of Morocco, seeks review of a December 14, 2012, decision of the BIA affirming a December 13, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom denying his motion to reopen. *In re Naoufal Alaoui Moustain*, No. A097 535 718 (B.I.A. Dec. 14, 2012), *aff'g* No. A097 535 718 (Immig. Ct. N.Y.C. Dec. 13, 2010). We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)). We review the agency's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Moustain first argues that the BIA erred in not transcribing two prior hearings and requests that his case be remanded for transcription. Additionally, Moustain

2

contends that his counsel during his 2007 deportation proceeding was ineffective because he did not raise the issue of Moustain's incompetence at that time. However, as the government notes, Moustain failed to raise either of these claims before the agency. Because these claims are unexhausted, we decline to consider them here. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20, 124 (2d Cir. 2007); *Garcia-Martinez v. Dep't of Homeland Sec.*, 448 F.3d 511, 513 (2d Cir. 2006).

With respect to the issues properly before the Court, we find that the BIA did not abuse its discretion in concluding that Moustain's motion to reopen was both untimely and numerically barred. An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.23(b)(1). Here, Moustain's June 2010 motion was his second motion to reopen and was filed more than two years after the IJ's December 2007 final order of removal, making it both untimely and number-barred.[1] In any case, the

---

[1] The time and number limitations on a motion to reopen may be excused to accommodate claims of ineffective assistance of counsel. *See Rashid v. Mukasey*, 533 F.3d 127,

BIA did not abuse its discretion in denying Moustain's motion to reopen on the merits, as the BIA was entitled to conclude from the record before it that Moustain failed to establish that his depression affected the outcome of the December 2007 proceedings.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

132 (2d Cir. 2008). However, as discussed above, Moustain failed to administratively exhaust his claim that his 2007 attorney was ineffective.