Astudillo-Coronel v. Garland

BIA
Thompson, IJ
A208 147 057

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-three.

PRESENT:
> STEVEN J. MENASHI,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

MILTON RODRIGO ASTUDILLO-CORONEL,

> *Petitioner*,

> v.                                                   **21-6429**
>                                                      **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

**FOR PETITIONER:** Michael Joseph Segreto, Esq., Peekskill, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Sanya Sarich Kerksiek, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Milton Rodrigo Astudillo-Coronel, a native and citizen of Ecuador, seeks review of a July 12, 2021 decision of the BIA affirming a November 8, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Astudillo-Coronel,* No. A 208 147 057 (B.I.A. July 12, 2021), *aff'g* No. A 208 147 057 (Immig. Ct. N.Y. City Nov. 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA and address only the adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence, and we review

2

questions of law and the application of fact to law de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made) . . . , the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The agency's adverse credibility determination is supported by substantial evidence. The agency reasonably relied on Astudillo-Coronel's admittedly false

3

statements during his credible fear interview and in his initial asylum application because "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the [petitioner's] uncorroborated or unauthenticated evidence." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that a credibility determination may be based on falsehoods in oral statements). At his hearing, Astudillo-Coronel alleged that his grandmother's murderer had threatened to kill him, and he admitted that he had both fabricated a detailed account of a beating by government officials during his credible fear interview, and repeated a similar false story in his initial asylum application. The fact that Astudillo-Coronel recanted his prior false statements does not compel the conclusion that his new claim was credible.

The agency was not required to accept Astudillo-Coronel's explanation that he gave false testimony at the interview because he had a sincere fear of returning to Ecuador, and fellow detainees warned him that his story about his grandmother's murderer would not satisfy the credible fear standard. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must

4

demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)).

The agency also was not required to accept Astudillo-Coronel's explanation for the fabricated statements in his application—that former counsel prepared the application with false information despite being given accurate facts, and then instructed Astudillo-Coronel to sign it without reviewing its contents with him in Spanish. We agree that Astudillo-Coronel substantially failed to comply with the procedural requirements for an ineffective assistance claim set out in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1998), because he did not demonstrate that he informed former counsel of the allegations and gave him an opportunity to respond or explain why he had not filed a disciplinary complaint. *See Garcia-Martinez v. Dep't of Homeland Sec.*, 448 F.3d 511, 513 (2d Cir. 2006) (explaining that "an applicant . . . who has failed to comply substantially with the *Lozada* requirements forfeits his ineffective assistance of counsel claim in this Court" (internal quotation marks and alterations omitted)).

Moreover, the agency reasonably concluded Astudillo-Coronel's documentary evidence did not rehabilitate his claim or independently satisfy his burden of proof. "An applicant's failure to corroborate his or her testimony may

5

bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the agency found, news articles corroborated the murder of Astudillo-Coronel's grandmother and the identity of the murderer, but not that Astudillo-Coronel was involved in bringing the murderer to justice, that the murderer was convicted and sentenced to only four years' incarceration, or that the murderer had threatened to kill Astudillo-Coronel.

The agency was not required to give weight to the documentary evidence offered to corroborate Astudillo-Coronel's claim that the murderer posed a danger to him. That evidence consisted of letters and affidavits from relatives and a neighbor and a psychological assessment describing symptoms and history reported by Astudillo-Coronel. Although the parties stipulated that Astudillo-Coronel's mother would testify consistently with her affidavit, she was an interested party, and the remaining affiants were unavailable for cross-examination. *Cf. Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within her discretion in according [letters from a wife and friend] little weight because the declarants (particularly [the] wife) were interested parties and

6

neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332–34 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Further, the country conditions evidence—which principally shows high crime rates—does not independently establish Astudillo-Coronel's entitlement to relief, and the agency was not required to explicitly discuss that evidence. *See Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim); *see also Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (explaining that "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise").

Given the undisputed fabrications and the lack of reliable objective evidence to corroborate Astudillo-Coronel's fear of his grandmother's murderer, substantial evidence supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Siewe*, 480 F.3d at 170; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because Astudillo-Coronel's claims for asylum, withholding of removal, and CAT relief all relied on the same facts. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court