22-6353
Zou v. Garland

BIA
McCarthy, IJ
A202 134 282

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand twenty-four.

PRESENT:
　　　　DENNIS JACOBS,
　　　　RAYMOND J. LOHIER, JR.,
　　　　MARIA ARAÚJO KAHN,
　　　　　　*Circuit Judges.*
_____

NINGWEL ZOU,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　　22-6353
　　　　　　　　　　　　　　　　　　　　NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　　　Theodore N. Cox, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ningwel Zou, a native and citizen of the People's Republic of China, seeks review of a July 13, 2022 decision of the BIA affirming a June 7, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ningwel Zou*, No. A 202 134 282 (B.I.A. July 13, 2022), *aff'g* No. A 202 134 282 (Immigr. Ct. N.Y.C. June 7, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and the IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) ("Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions-or more precisely, we review the IJ's

decision including the portions not explicitly discussed by the BIA."). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence, and we review questions of law and the application of law to fact *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id*. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162,

167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the agency's determination that Zou was not credible as to his claim that he was detained and beaten for distributing Christian literature in China.

The agency's demeanor finding—that Zou paused, "feigned surprise," and became nonresponsive and inconsistent on cross-examination—is entitled to deference.  Certified Admin. R. 58; *see Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (deferring to agency's demeanor assessment that was based on observations that the petitioner was "sometimes 'non-responsive' to questions").  We give "particular deference" to such findings because the IJ is "in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question."  *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) (quotation marks omitted).  "We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."  *Id.*

Zou's testimony was responsive and specific on direct examination, and he did not request clarification of any questions.  But, as the IJ observed, he professed not to understand simple questions on cross-examination, and the

4

record reflects long pauses before some answers. Zou argues that he paused and asked for clarification because he did not understand questions, but IJs are generally in the best position to decide whether a witness understood questions. *Id.*; *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (concluding that an IJ "is in the best position to discern, often at a glance, whether a question that may appear poorly worded on a printed page was, in fact, confusing or well understood by those who heard it; whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'; and whether inconsistent responses are the product of innocent error or intentional falsehood" (quotation marks omitted)). Moreover, Zou's answers were vague and not responsive when pressed for details about the flyers he claimed to have distributed to lead others to his church. When asked how the flyer he described, which did not contain any information about his church, could lead people to it, he was initially unresponsive, then said that he did not know, and only after additional questioning offered that the recipients would sometimes ask questions, and that he might invite them to attend the church.

In addition, Zou's testimony about his passport on cross-examination

included inconsistencies and partial answers. Zou testified that he left China using his Chinese passport, but his application stated that he was never issued a passport. When asked about the discrepancy, Zou first testified that he was nervous when completing the application, and then said that he was asked whether he had a passport when he came to the United States (which he did not, because it was taken from him in Mexico). The agency was not required to accept those shifting explanations, particularly given that the question on the application is what country issued the last passport or travel document. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). To the extent that Zou wishes to attribute the inconsistency to attorney error, he has not complied with the requirements for an ineffective assistance of counsel claim. *See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1998) (imposing procedural requirements for ineffective assistance claims); *see also Garcia-Martinez v. Dep't of Homeland Sec.*, 448 F.3d 511, 513 (2d Cir. 2006) (holding that an applicant "who has failed to comply substantially with the *Lozada* requirements forfeits his ineffective assistance of counsel claim in this Court" (quotation marks and

6

alterations omitted)).   Zou otherwise argues that this inconsistency is not relevant to his claim of persecution, but the agency is entitled to consider minor and ancillary inconsistencies "as long as the 'totality of the circumstances' establishes that [the] asylum applicant is not credible."   *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. §1158(b)(1)(B)(iii)).

Zou also gave inconsistent and nonresponsive testimony when he was asked on cross-examination about his refusal to sign certain documents at his border interview.   Initially, Zou testified that he did sign the documents; when confronted by facts suggesting that he did not, Zou (in the IJ's words) "feigned surprise" that he had failed to sign.   *See Li Hua Lin*, 453 F.3d at 109 (stating that an "adjudicator's observation of the applicant" merits "particular deference" (citation and quotation marks omitted)).   When asked again why he had refused to sign the documents, Zou then changed his testimony and explained that he was afraid of being sent back to China, and that he did not understand English.   But when the government attorney pointed out that Zou was assisted by a Mandarin interpreter at the border, Zou then stammered an unclear response and reverted to his original answer that he did sign the documents.   When the IJ later asked him to clarify his answer again, Zou did not offer one.

Finally, the absence of reliable corroboration further bolsters the adverse credibility determination. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Zou has not challenged the IJ's conclusion that certificates of detention and release purportedly issued by the police in China were entitled to little weight; nor has he challenged the BIA's conclusion that this issue was waived. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (issue exhaustion is mandatory). Contrary to Zou's position, the corroboration finding remains part of the decision under review because the BIA did not reject it. *See Yun-Zui Guan*, 432 F.3d at 394. Moreover, the IJ did not err in giving little weight to these certificates: as the IJ explained, the certificate of detention appears to state that Zou was arrested at "10:23," which is contrary to his testimony that he was arrested at about 3:00 in the afternoon. Certified Admin. R. 206. The IJ was not required to

8

accept Zou's explanation that the certificate was prepared the evening after his arrest. *See Siewe v. Gonzales*, 480 F.3d 160, 167–68 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous . . . . Rather a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." (quotation marks omitted)); *Majidi*, 430 F.3d at 80.

In summary, substantial evidence supports the adverse credibility determination given the agency's findings regarding Zou's demeanor, which are supported by specific examples of nonresponsive and inconsistent testimony, and the absence of reliable corroboration. *See Xiu Xia Lin*, 534 F.3d at 167; *Li Hua Lin*, 453 F.3d at 109; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9