12-4043
Guo v. Holder

BIA
Poczter, IJ
A200 930 255

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
>> *Circuit Judges.*

_____

PING GUO,
> *Petitioner,*

> v.                                                12-4043
>                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          David A. Bredin, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Linda S. Wernery, Assistant Director; William C. Minick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Ping Guo, a native and citizen of China, seeks review of a September 20, 2012 decision of the BIA affirming the July 13, 2011 decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ping Guo*, No. A200 930 255 (B.I.A. Sept. 20, 2012), *aff'g* No. 200 930 255 (Immig. Ct. N.Y. City July 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I. Asylum

We dismiss the petition to the extent Guo challenges the pretermission of her asylum application as untimely.

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding under 8 U.S.C. § 1158(a)(2)(B) that an asylum application was untimely. Although we retain jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), we lack jurisdiction to review the denial of Guo's asylum application because Guo challenges only the IJ's factual findings as to the credibility of her testimony regarding the timing of her arrival in the United States.

## II. Adverse Credibility Determination

To the extent Guo challenges the agency's denial of withholding of removal and CAT relief on credibility grounds, we deny the petition. For applications such as Guo's, which are governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)

3

(per curiam).  We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

The agency reasonably based its adverse credibility determination on Guo's demeanor and the internal inconsistencies in her testimony regarding the length of her trip from China to the United States, whether she was interviewed by an asylum officer, the number of security guards that allegedly beat her, and whether she was interrogated.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 (noting that, post-REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible" (emphasis in original)).

Contrary to Guo's argument that the discrepancies relied on by the agency were minor and therefore insufficient, the inconsistencies regarding the beating and interrogation relate to the sole basis of Guo's claim that she was persecuted in China for her Christian activities,

4

and alone could constitute substantial evidence in support of the adverse credibility determination. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 295-96 (2d Cir. 2006) (per curiam). Moreover, the BIA reasonably declined to credit Guo's explanation that stress, confusion, the passage of time, and lack of education caused the inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Given the inconsistencies and the demeanor finding, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 167. Because the strength of the only evidence of a threat to Guo's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes Guo's success on her claims for withholding of removal and CAT relief and the agency did not err in failing to provide a separate CAT analysis. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). We lack jurisdiction to consider Guo's allegations of

5

ineffective assistance of counsel as they were not raised before the BIA. *See Garcia-Martinez v. Dep't of Homeland Sec.*, 448 F.3d 511, 513-14 (2d Cir. 2006); *Arango-Aradondo v. INS*, 13 F.3d 610, 614-15 (2d Cir. 1994).

For the foregoing reasons, the petition for review is DISMISSED in part, and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6