Ren v. Lynch

BIA
Nelson, IJ
A088 533 475
A088 533 476

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fifteen.

PRESENT:
>       DENNIS JACOBS,
>       PETER W. HALL,
>       DEBRA ANN LIVINGSTON,
>            *Circuit Judges.*

_____

XIAOMEI REN, SHAOYONG ZHAO,
>       *Petitioners,*

>       v.                                      13-3604
>                                               NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONERS:        Xiaomei Ren, pro se, Flushing, NY.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Bernard A. Joseph, Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiaomei Ren and Shaoyong Zhao, natives and citizens of China, seek review of a August 26, 2013, decision of the BIA affirming the March 9, 2011, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and CAT relief. *In re Xiaomei Ren, Shaoyong Zhao*, Nos. A088 533 475/476 (B.I.A. Aug. 26, 2013), *aff'g* Nos. A088 533 475/476 (Immig. Ct. N.Y. City Mar. 9, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (explaining that we "consider only those issues that formed the basis for [the BIA's] decision."). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications, like Ren's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167. "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Ren fails to challenge with any specificity the agency's findings that her testimony was implausible, that she lacked corroborating evidence, and that she failed to sustain her burden of proof. Rather, she argues ineffective assistance of counsel, summarizes her claimed persecution, and submits new evidence. Under such circumstances we generally would deem abandoned any challenge to the adverse credibility determination; but we have reviewed it in light of Ren's pro se status. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).

3

As discussed below, the adverse credibility determination is generally sound and is supported by substantial evidence.

The agency found that Ren's account of past persecution was implausible, relying in part on the country conditions evidence. An implausibility finding may not be based on "bald speculation," *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007), but will be upheld if the IJ's reasoning is based on inferences "made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience," *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). The IJ found it implausible that Ren was not fined or sterilized borders on bald speculation, a finding attributed to the State Department report on country conditions. However, although the report states that families with two children (unlike Ren's) are pressured to undergo sterilization and that "abortion and sterilization are important methods [of birth planning], along with IUDS," it does not state that women, allegedly like Ren, who undergo multiple forced abortions, are threatened with sterilization or identify the specific

4

circumstances under which women are forced to have IUDs. Nor does it state that women who have abortions are necessarily fined, though it discusses fines for births in violation of the family planning policy. To this extent, the agency's implausibility finding is unduly speculative.

However, the IJ's remaining implausibility findings are not overly speculative and should be accorded deference because they are "tethered to" the record. *See id.* Thus, the IJ found implausible Ren's testimony that she went for a checkup to the same hospital in which she suffered a forced abortion, notwithstanding that she knew she was pregnant. Ren conceded that she "felt somewhat in fear because they would want [her] to have the child aborted." The IJ was not required to credit her explanation that she went to that hospital because it was "in partnership with [her] work unit" or that she went to the internal department rather than the obstetrician, as those explanations "do not defeat a finding that the account is implausible." *Ying Li v. Bureau of Citizenship and Immigration Services*, 529 F.3d 79, 83 (2d Cir. 2008).

Further, the IJ reasonably found that Ren's claim to fear future persecution was undermined by her voluntary returns to China after traveling to various countries. *Kone*

5

*v. Holder*, 596 F.3d 141, 150-51 (2d Cir. 2010) (although voluntary return trips on their own are insufficient basis for adverse credibility determination, they "may be relevant to credibility in the exercise of an IJ's informed discretion"). The IJ also reasonably found that Ren's fear of the enforcement of the family planning policy was speculative, given that she had had no children, has tried unsuccessfully to become pregnant while in the United States, and has had no contact with family planning officials while still in China between 1999 and 2007. *Cf. Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that, absent solid support in the record for petitioner's assertion that he would be sterilized, fear was "speculative at best" even though his wife was pregnant with second child); *Rui Ying Lin v. Gonzales*, 445 F.3d 127 (2d Cir. 2006) (finding that petitioner's claim was not "too speculative" where record showed that "she already had two children, that she planned to have more, that she had gone to great lengths to avoid being sterilized in China, and that she had removed her IUD after escaping to the United States").

Because Ren's implausible testimony called her credibility into question, the agency could and did rely on

6

her failure to provide adequate corroborating evidence. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam) (holding that failure to corroborate testimony may bear on credibility). Although Ren submitted medical evidence, including an x-ray and other certificates, the IJ reasonably gave diminished weight to these documents. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight afforded to evidence in immigration proceedings lies largely within the discretion of the agency). The x-ray report is titled, "Slip of Fluoroscopy on the Slice of Breast by X-Ray," but also notes that "[i]n the pelvix, Type "T" coil is seen." The IJ doubted that one could detect an IUD by a chest x-ray, and was further troubled by missing information, such as inpatient or outpatient number, and that the x-ray report was dated July 21, 2007 (after Ren arrived in the United States) with no indication as to whether it was original or a copy of an older record re-issued that day. The IJ was also troubled by information missing from a number of "Diagnosis Certificates" and the lack of evidence regarding the stamps on these documents. *See Xiao Ji Chen*, 471 F.3d at 342. The questionable nature of these documents further supports the adverse credibility determination. *Biao Yang*, 496 F.3d at 273.

The implausibility of Ren's testimony and the lack of corroboration constitute substantial evidence that Ren failed to give a credible account of persecution, and thereby failed to sustain her burden of proof. *See Xiao Ji Chen*, 471 F.3d at 338. The adverse credibility determination was dispositive of asylum, withholding of removal, and CAT relief because each of these claims share the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Ren's ineffective assistance claim must be presented to the agency in the first instance and appears unsupported, as her counsel before the agency did in fact appeal to the BIA. *Garcia-Martinez v. Dep't of Homeland Security*, 448 F.3d 511, 513-14 (2d Cir. 2006) (per curiam). We decline to consider the new evidence that Ren submitted with her brief. 8 U.S.C. § 1252(b)(4)(A) (providing that review is limited to the administrative record).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk