*Chiadi v. Lynch*

BIA
Laforest, IJ
A096 506 966

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand sixteen.

PRESENT:
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

OLUCHI NNENNA CHIADI,
> *Petitioner,*

> v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
> *Respondent.*

_____

13-3940-ag
NAC

FOR PETITIONER: Albert Van-Lare, Law Offices of Albert Van-Lare, New York, New York.

_____

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Eric W. Marsteller, Senior Litigation Counsel; Remi da Rocha-Afodu, Trial Attorney, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Oluchi Nnenna Chiadi, a native and citizen of Nigeria, seeks review of a September 16, 2013 decision of the BIA affirming an August 20, 2009 decision of an Immigration Judge ("IJ") denying Chiadi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Oluchi Nnenna Chiadi,* No. A096 506 966 (B.I.A. Sept. 16, 2013), *aff'g* No. A096 506 966 (Immig. Ct. N.Y.C. Aug. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). In addition, because Chiadi does not challenge the agency's denial of asylum as untimely, our review is further limited to the

2

agency's adverse credibility determination as it pertains to her application for withholding of removal and CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (Sotomayor, J.). Notwithstanding the government's argument to the contrary, we deem Chiadi's challenge to the adverse credibility determination sufficiently exhausted, as the BIA addressed and affirmed the IJ's findings in this regard. *See Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1993). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Chiadi's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163–64 (2d Cir. 2008).

In this case, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 163-64. We have held that in certain

3

circumstances "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Thus, the IJ reasonably based her adverse determination on a finding that Chiadi entered into a marriage for the purpose of securing immigration benefits, and failed fully to acknowledge that fraud during her hearing. This finding was sufficiently supported by Chiadi's ex-husband's affidavit; and Chiadi's own statements that she did not know why she married, had neither lived with her husband nor consummated the marriage, and had given her husband money.

The IJ also reasonably identified several record inconsistencies that undermine Chiadi's allegation of past persecution and her professed fear of future persecution. For example, Chiadi testified that she did not apply for asylum when she came to the United States in 2003 because she did not yet know of her husband's involvement with a cult; but she immediately contradicted herself by testifying that cult members had contacted her on two occasions prior to 2003, encounters that Chiadi had omitted from her original asylum

4

application.  *See Xiu Xia Lin*, 534 F.3d at 166 n.3 (explaining that inconsistency and omission are "functionally equivalent").  The omission is significant because the contacts were the basis of Chiadi's claimed fear of the cult. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).  Accordingly, because the agency's adverse credibility determination was supported by substantial evidence, it properly denied both withholding of removal and CAT relief, as these claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

Insofar as Chiadi argues that her representative before the BIA was ineffective, in part, because he filed a poor brief, we decline to consider that claim here because Chiadi failed to raise it before the BIA in the first instance.  *See Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994); *accord Garcia-Martinez v. Dep't of Homeland Sec.*, 448 F.3d 511, 513–14 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court