Espinal Paz v. Lynch

BIA
Bukszpan, IJ
A070 436 901

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of December, two thousand sixteen.

PRESENT:
        DENNIS JACOBS,
        PETER W. HALL,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*
_____

CARLOS A. ESPINAL PAZ, AKA CARLOS ARISTIDES ESPINAL PAZ,
        *Petitioner,*

        v.                                    15-2670
                                              NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Craig Relles, Law Office of Craig
                         Relles, White Plains, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Julie M.
                         Iversen, Senior Litigation Counsel;
                         James A. Hurley, Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Carlos A. Espinal Paz, a native and citizen of El Salvador, seeks review of a July 22, 2015, decision of the BIA affirming a March 2, 2015, decision of an Immigration Judge ("IJ") denying Espinal's motion to reconsider the previous denial of his motion to rescind the in absentia order for his removal. *In re Carlos A. Espinal-Paz*, No. A070 436 901 (B.I.A. July 22, 2015), *aff'g* No. A070 436 901 (Immig. Ct. N.Y. City Mar. 2, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). When, as here, an alien files a petition from the denial of a motion to reconsider, but not from the denial of the motion of which reconsideration was sought, our review is limited to the denial of the motion to reconsider. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005); *see also Stone v. INS*, 514 U.S. 386, 405 (1995) (holding that the courts of appeals must treat each petition for review as challenging only the BIA decision

from which it was timely filed).  Accordingly, only the agency's denial of Espinal's motion to reconsider is before us.

An alien seeking reconsideration must "specify the errors of law or fact in the previous order and [support the motion] with pertinent authority."  8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008).  We review the agency's denial of a motion to reconsider for abuse of discretion.  *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).  The agency "does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the [agency] has previously rejected."  *Id*.  Here, the question is whether Espinal's motion for reconsideration identified any error in the agency's denial of his motion to rescind.  It did not, and the agency did not abuse its discretion by denying the motion.

"An order entered in absentia in deportation proceedings may be rescinded only upon a motion to reopen filed: (1) Within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances beyond the control of the alien (e.g., serious illness of the alien or serious illness or death of an immediate relative of the alien, but not including less compelling circumstances); or (2) At any time if the alien

3

demonstrates that he or she did not receive notice or if the alien demonstrates that he or she was in federal or state custody and the failure to appear was through no fault of the alien." 8 C.F.R. § 1003.23(b)(4)(iii)(A); *see* 8 U.S.C. § 1229a(b)(5)(C). "[A] lawyer's inaccurate advice to his client concerning an immigration hearing date can constitute 'exceptional circumstances' excusing the alien's failure to appear at a deportation hearing . . . ." *Aris v. Mukasey*, 517 F.3d 595, 599 (2d Cir. 2008).

First, the agency did not abuse its discretion in denying reconsideration based on Espinal's claim that he lacked notice of his hearing. *See Jin Ming Liu*, 439 F.3d at 111. The IJ already rejected this claim in the initial denial of Espinal's motion to rescind when she found that Espinal was physically present in court (with counsel and an interpreter) when the hearing date was announced. Additionally, Espinal concedes that he received oral notice of his hearing, and he has failed to identify any authority requiring subsequent written notice.

Second, the agency did not abuse its discretion in denying reconsideration based on Espinal's claim that his counsel's ineffective assistance constituted "exceptional circumstances" for his failure to appear. *See Aris*, 517 F.3d at 599. Espinal is unable to demonstrate an abuse of discretion

4

in the rejection of his ineffective assistance claim because, as the agency observed, he had not complied with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Garcia-Martinez v. Dep't of Homeland Sec.*, 448 F.3d 511, 513-14 & n.1 ("Under *Lozada,* an applicant who claims ineffective assistance of counsel must submit (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the applicant notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the applicant has filed a complaint regarding counsel's conduct with the appropriate disciplinary authorities and, if a complaint has not been filed, an explanation for not doing so."). "Because [Espinal] was obligated 'to comply substantially with the *Lozada* requirements' and because he has failed to do so, he has 'forfeit[ed] [his] ineffective assistance of counsel claim in this Court.'" *Garcia-Martinez*, 448 F.3d at 514 (quoting *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005)).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk