22-6026
Singh v. Garland

BIA
Wright, IJ
A205 138 192

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty-four.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

JATINDER SINGH,
> *Petitioner,*

    v.                                                                    **22-6026**
                                                                                         **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Heena Arora, Esq., Richmond Hill, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jatinder Singh, a native and citizen of India, seeks review of a December 13, 2021, decision of the BIA affirming a February 28, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jatinder Singh,* No. A 205 138 192 (B.I.A. Dec. 13, 2021), *aff'g* No. A 205 138 192 (Immig. Ct. N.Y. City Feb. 28, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence, and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator

2

would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." *Id.* § 1158(b)(1)(B)(ii). Accordingly, "in some cases . . . an applicant may be generally credible but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available." *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018); *see also Pinel-Gomez v. Garland*, 52 F.4th 523, 529–30 (2d Cir. 2022) (explaining that the agency may find testimony credible but "still decide that the testimony falls short of satisfying the applicant's burden, either because it is unpersuasive or because it does not include specific facts sufficient to demonstrate that the applicant is a refugee" (quotation marks omitted)). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii).

Thus, a lack of corroboration can be an independent basis for the denial of relief if the agency identifies reasonably available evidence that should have been presented. *See id.*; *Wei Sun*, 883 F.3d at 27–29. Before denying a claim solely on an applicant's failure to provide corroborating evidence, the IJ must, either in his or her decision or otherwise in the record, "(1) point to specific pieces of missing evidence and show that it was reasonably available; (2) give the applicant an opportunity to explain the omission; and (3) assess any explanation given." *Wei Sun*, 883 F.3d at 31. Where the IJ has identified the missing evidence, we may reverse the agency's decision only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4); *see Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011). The agency did not err in denying asylum and withholding of removal for lack of corroboration.

Singh testified that members of an opposing political party assaulted him and threatened to kill him twice because of his religion and political opinion, that the police threatened to charge him with a crime when he attempted to report the first assault, and that his assailants came to his family's house looking for him after he left India. But his limited documentary evidence corroborated little of that account: only that he was a Sikh and supporter of the Akali Dal Simranjit

4

Singh Mann Party ("Mann Party"), and that he was treated in a clinic for injuries at the time of the second alleged assault. Notwithstanding Singh's testimony that one or both of his parents witnessed these aspects of his alleged persecution, Singh offered no corroboration of the injuries resulting from the first beating and their home treatment; of his unsuccessful effort, accompanied by his father, to report that incident to the police; of the fact that the injuries treated at the clinic were the result of a beating; of the statements of his assailants in his parents' presence attributing the beating they inflicted to his religion and political affiliation; or of his assailants' subsequent efforts to find him after he had left India.

The agency did not err in requiring additional corroboration. Singh argues that his credible testimony was sufficient to satisfy his burden on its own, and that the agency overlooked or gave insufficient weight to his corroborating evidence. However, "we presume that an IJ has taken into account all of the evidence before him [or her], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). As outlined above, the agency is entitled to require corroboration of even credible testimony, and Singh's documentary evidence failed to corroborate material aspects of his claim. The

burden is on the petitioner to introduce corroborating evidence "without prompting from the IJ." *Wei Sun*, 883 F.3d at 31 (quotation marks omitted). And the record supports the IJ's observation that some of Singh's testimony was vague, such that it was insufficiently persuasive without corroboration. For example, Singh testified that he attended more rallies in the months preceding the second assault, but he was not responsive when repeatedly asked to explain how frequently he attended rallies before and after this increase.

Further, the agency identified specific missing evidence that could have corroborated Singh's testimony: statements from his mother (who is said to have treated his injuries from the first assault and witnessed part of the second assault) and father (who is said to have witnessed the police officer's refusal to take his report of the first assault, part of the second assault, and Singh's medical treatment at the clinic). Singh was given an opportunity to explain the absence of such statements at his hearing. And his explanations do not compel the conclusion that he could not have obtained statements from his parents. *See* 8 U.S.C. § 1252(b)(4). Singh testified that his father was hospitalized in the months immediately preceding his February 2019 hearing, but he did not allege that his mother was incapacitated, and he did not establish that he could not have obtained

6

a statement from his father before his hospitalization. Singh's asylum application had been pending since 2012, and he testified that his father had gathered his other documentary evidence from India in about 2015, but that he had not thought to ask his father to write a statement. And while Singh alleged that prior counsel failed to instruct him to make such a request, he did not file a disciplinary complaint or explain his failure to do so; and he had retained his new counsel by September 2018 (months before his father's alleged December 2018 hospitalization). *See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988) (requiring party asserting ineffective assistance of counsel to (1) submit an affidavit detailing the agreement with former counsel, (2) inform counsel of allegations and give counsel an opportunity to respond, and (3) file a complaint with an appropriate disciplinary authority, or explain why a complaint was not filed); *see also Garcia-Martinez v. Dep't of Homeland Sec.*, 448 F.3d 511, 513 (2d Cir. 2006) (holding that an "applicant . . . who has failed to comply substantially with the *Lozada* requirements . . . forfeits [his] ineffective assistance of counsel claim in this Court" (quotation marks omitted)).

The agency's corroboration finding is bolstered by its observations about other gaps in the record. As the IJ noted, Singh provided a letter from the Mann

7

Party to confirm his role and character, and he testified that its author knew about both attacks. When asked why the letter did not corroborate the attacks, he offered no explanation for the omission.[1] And even Singh's own written statement, drafted a few days before his hearing with the benefit of new counsel's advice, failed to corroborate his testimony that his assailants came to his home looking for him after he fled India. Singh's explanation that he omitted this information because he had not mentioned it during a prior interview was not compelling, particularly as he conceded that he understood that this information was important support for his claim that he feared return to India.

In sum, the agency did not err in finding that Singh failed to satisfy his burden of proof for asylum because the record does not compel the conclusion that evidence to corroborate his allegations of persecution was unavailable. *See* 8 U.S.C. § 1252(b)(4). That finding is also dispositive of withholding of removal because both claims were based on the factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010). As to CAT relief, Singh's argument that the IJ

---

[1] Singh's current argument here about the letter's reliability is misplaced. The agency could only rely on the letter as evidence of matters it addressed; and Singh has not shown that a letter corroborating the assaults from the same author was unavailable, as he received one letter, the author knew about the assaults, and he could not give a reason why the author did not mention them.

failed to separately consider his claim is belied by the record, and this argument fails to engage with the BIA's reasoning in affirming the denial of CAT protection. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (issues not discussed in a petitioner's brief are considered abandoned or waived). Substantial evidence supports the agency's conclusion that Singh failed to demonstrate that he is "more likely than not to be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," as required for CAT protection. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) ("A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding . . . ."). As discussed above, Singh failed to establish that he suffered past harm, that he was threatened with future harm, or that the police refused to protect him from such harm. Moreover, abuses inflicted by members of a political party are generally not equivalent to abuses by a public official. *See Singh v. Garland*, 11 F.4th 106, 116 (2d Cir. 2021) (finding that the agency was not "required to attribute an attack by members of a regional party in Punjab to the national government of India" or to "local authorities"); *see also Lecaj*, 616 F.3d at 119–20 (when petitioner fails to

9

demonstrate likelihood of persecution required for grant of asylum, he "necessarily fails" to demonstrate the likelihood of torture required for CAT relief).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court