Dadaj v. Garland

BIA
Nelson, IJ
A087 465 292/293/294/295

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

ZAIM DADAJ, MARTIN DADAJ, ARMAND DADAJ, SUZANA DADAJ,
> *Petitioners,*

> v.                                                    22-6314
>                                                       NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:** Adrian Spirollari, Brooklyn, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Jeffrey R. Leist, Senior Litigation Counsel; Raya Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zaim Dadaj,[1] a native and citizen of Albania, seeks review of a June 8, 2022, decision of the BIA affirming a May 16, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dadaj*, Nos. A087 465 292/293/294/295 (B.I.A. June 8, 2022), *aff'g* Nos. A087 465 292/293/294/295 (Immig. Ct. N.Y. City May 16, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA.[2] *See Yang v.*

---

[1] We principally refer to Dadaj because the remaining petitioners were derivative beneficiaries of his asylum application.

[2] Accordingly, to the extent that Dadaj challenges any additional grounds for the

2

*U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). "We review [the agency's] legal conclusions *de novo*, and its factual findings, including adverse credibility determinations, under the substantial evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quotation marks omitted). When reviewing a challenge to a denial of CAT relief, "we must uphold agency factfinding unless any reasonable adjudicator would be compelled to conclude the contrary." *Quintanilla-Meija v. Garland*, 3 F.4th 569, 584 (2d Cir. 2021) (internal quotation marks omitted); *see* 8 U.S.C. § 1252(b)(4)(B). "[A]n agency assessing credibility may itself properly consider the totality of the circumstances, including the candor and responsiveness of the applicant, the inherent plausibility of his account, his demeanor while testifying, and the consistency of his account, both internally and as compared with other evidence, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *Gao v. Barr*, 968 F.3d 137, 144–45 (2d Cir. 2020) (quotation marks omitted). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility

---

IJ's adverse credibility determination which were not adopted by the BIA, we do not reach those arguments.

ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Substantial evidence supports the agency's adverse credibility determination.

First, the agency reasonably relied on Dadaj's inconsistent statements in his affidavit and testimony regarding whether he was inside his car when a car bomb detonated and where he received treatment after that incident. When asked about the inconsistency regarding the explosion, Dadaj variably testified that one or the other of his accounts was mistaken, that he may not have remembered correctly given the time elapsed, or that there might have been a translation error. The agency was not required to accept those vacillating explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original) (quotation marks omitted)). And contrary to his arguments here, no further inquiry was necessary because he was asked directly about the inconsistency regarding the explosion, and the inconsistency about where he received medical treatment was obvious.[3] *Id.* at 81 (holding that

---

[3] To the extent that Dadaj argues that *his attorney* should have elicited an

4

an IJ is not required to provide an opportunity to reconcile "dramatically different" accounts of the same event); *see also Gao*, 968 F.3d at 146 (agency properly relied on contradiction without soliciting an explanation where the petitioner acknowledged on appeal that the contradiction was "clear")=.

The agency also reasonably relied on inconsistencies in Dadaj's account of being deported from and then returning to Greece. Dadaj now argues that his testimony was internally consistent regarding the first two deportations, and that the IJ should have asked him about any inconsistencies with his affidavit. But, as noted, an IJ is not required to question an applicant about dramatic inconsistencies before relying on those inconsistencies to draw an adverse credibility determination. *See Majidi*, 430 F.3d at 81. Here, Dadaj's testimony was clearly inconsistent with his written statement regarding the date of his first deportation (by several months), whether someone arranged for his first return, where he was when he was arrested the second time, and whether he was arrested and deported

explanation, he did not raise an ineffective assistance of counsel claim, and he has therefore forfeited that issue. *See Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1998) (imposing procedural requirements for ineffective assistance claims); *Garcia-Martinez v. Dep't of Homeland Sec.*, 448 F.3d 511, 513 (2d Cir. 2006) (holding that a "petitioner who has failed to comply substantially with the *Lozada* requirements forfeits his ineffective assistance of counsel claim in this Court." (quotation marks and alterations omitted)).

alone or with his wife and children.

Dadaj also argues that it is unclear from the agency's decision in what respect his account of the third deportation was inconsistent. But the inconsistencies are clear from the record, and no further explanation was necessary under the circumstances. *See Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (explaining that when the agency "has given reasoned consideration to the petition, and made adequate findings" for the Court to "discern its reasons for declining to afford relief," it is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (quotation marks omitted)). Dadaj wrote in his affidavit that the police raided his workplace and detained him and his wife, subjected them to severe abuse (a beating and mock execution of Dadaj, and a sexual assault of his wife in his presence), then placed them on a bus to Albania, and, at their request, put their children (who were home alone) on the bus with them. By contrast, on direct examination, Dadaj testified that the police took him to a station when he was going to work, beat him with a piece of wood, and then took him in a police car to Albania. Then, on cross-examination, he changed his story, stating that the police took the family, including his children, from their home at the same time, and his

6

wife and children witnessed the police beating him before the family was driven to Albania with several other families in a bus. When asked about his written account of being separated from his children, he changed his testimony again to say that the police initially took only the adults, who later asked to be reunited with the children. Dadaj also argues that the agency should have accepted his explanation that he was initially separated from his children and then reunited; but that testimony did not resolve why he initially testified that only he was deported, and then testified that his children were detained when he was.

These multiple inconsistencies, including those about the bombing and hospitalization at the heart of his claim, provide substantial evidence for the adverse credibility determination. *See Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude [a petitioner] from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir. 2006) ("Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution . . . , a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise.") (quotations

omitted).   Because Dadaj's claims were all predicated on the same facts, the adverse credibility determination was dispositive of asylum, withholding of removal, and CAT relief.   *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
